UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.24-254 (DWF/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **PLEA AGREEMENT AND SENTENCING STIPULATIONS** |
| v. | |
| BYRON TERRELL ROBINSON, | |
| Defendant. | |

The United States of America and the defendant, Byron Terrell Robinson, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.  **Charges**. The defendant agrees to plead guilty to an unenhanced Count 1 of the Indictment, which charges the defendant with Possession with Intent to Distribute Methamphetamine, in violation of 18 U.S.C. § 841(a)(1). 841(b)1)(A) and 841(b)(1)(B). The defendant fully understands the nature and elements of the crime with which he has been charged.

Upon imposition of sentence, if there are remaining counts, the government agrees to move to dismiss those remaining charges against the defendant contained in the Indictment.

1

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

a. On July 23, 2024, the defendant was driving a red Nissan and traveling northbound on Interstate 35 from Minneapolis to Duluth, Minnesota. As part of an ongoing investigation, law enforcement stopped the red Nissan as it entered St. Louis County, Minnesota. Law enforcement executed previously-obtained search warrants for the defendant and the red Nissan.

b. During the search law enforcement recovered approximately 2,168 grams of methamphetamine and approximately 220 grams of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly called "fentanyl"). More specifically the methamphetamine and fentanyl was recovered from the trunk of the red Nissan.

c. The defendant agrees that he possessed the above-described methamphetamine and fentanyl, and that the defendant intended to distribute some or all of these substances to customers in the Twin Ports region. The defendant admits he committed these acts voluntarily and that he knew that his possession with the intent to distribute methamphetamine and fentanyl was unlawful.

2

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and,

if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences.** The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6. **Statutory Penalties.** The defendant understands that Count 1 of the Indictment, charging Possession with Intent to Distribute Methamphetamine in violation of 18 U.S.C. § 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B) is a felony offense that carries the following statutory penalties:

    a. a mandatory minimum of 10 years in prison;

    b. a maximum of lifetime in prison;

    c. a supervised release term of at least two years up to a maximum supervised release term of five years;

    d. a maximum fine of $10,000,000;

4

  e. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

  f. the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

  a. <u>Base Offense Level</u>. The parties agree that pursuant to U.S.S.G. § 2D1.1, the base offense level for the violation noted in Count 1 of the Indictment is calculated using the offense level corresponding to the substances noted in paragraph 2, above. Therefore, the parties agree that the base offense level for the violation and the relevant conduct is at least **32** (at least 3,000 but less than 10,000 kilograms converted drug weight).

  b. <u>Specific Offense Characteristics</u>. The parties agree that no specific offense characteristics apply.

  c. <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

  d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the

government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category V. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. <u>Guidelines Range</u>. The Parties anticipate the following potential low and high Guidelines ranges, based on the relevant conduct noted in paragraph 2 and any other potential adjustments described above:

6

      i)    <u>140-175 months</u>: Criminal History Category V & Adjusted Offense Level **29**, with a base offense level 32, and three-level reduction for acceptance of responsibility;

The defendant understands that, regardless of the Guidelines range, the statutory mandatory minimum sentence in this matter is **10 years** of imprisonment.

  g.  <u>Fine Range</u>. If the adjusted offense level is **29**, the Sentencing Guidelines fine range is $30,000 to $10,000,000 U.S.S.G. § 5E1.2(c). If the adjusted offense level is **33**, the Sentencing Guidelines fine range is $35,000 to $10,000,000 U.S.S.G. § 5E1.2(c).

  h.  <u>Supervised Release</u>. The Sentencing Guidelines' term of supervised release is at least 5 years. U.S.S.G. § 5D1.2.

8.  **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.  **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the

7

Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The government understands that the defendant may argue that he is eligible for the first-step act, and the defendant understands that the government may argue against this position. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea. Notwithstanding the reservations above, the government agrees to seek a sentence of no more than 175 months.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the

8

defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

12. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

13. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

LISA M. KIRKPATRICK
Acting United States Attorney

Date: May 22, 2025

BY: *Nichole Carter*
Nichole J. Carter
Assistant United States Attorney

Date: 5/22/25

*Byron Terrell Robinson*
Byron Terrell Robinson
Defendant

Date: 5/22/25

*Douglas Olson*
Douglas Olson
Counsel for Defendant

Date: 5/22/25

*Cari Brunkow*
Cari Brunkow
Counsel for Defendant